UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01256-TWP-MJD |
| ) | |
| ROBERT CARTER, ) | |
| KAY WILKS, M.D., ) | |
| CENTURION HEALTH OF INDIANA, LLC, ) | |
| KRISTEN DAUS, M.D., ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| JASON CARTER, M.D., ) | |
| DIANNA JOHNSON, N.P., ) | |
| LIZ HALE, N.P., ) | |
| KELLY WILLIAMS, N.P., ) | |
| JANNA THURSTON, ASST. D.O.N., ) | |
| SHELLEY JACOBS, M.A., ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Richard Kelly ("Mr. Kelly") is a prisoner currently incarcerated at New Castle Correctional Facility ("NCCF"). He filed this civil action challenging the medical care he has received. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Kelly sues Robert Carter, Kay Wilks ("Dr. Wilks"), Centurion Health of Indiana, LLC ("Centurion"), Kristen Daus, Indiana Department of Correction ("IDOC"), Jason Carter, Dianna Johnson, Liz Hale, Kelly Williams, Janna Thurston, and Shelley Jacobs. He alleges that he suffers from several medical conditions including neurological damage, degenerative bone and disc disease, irritable bowel syndrome, difficulty with mobility and motor skills, and an aortic aneurysm and chest pain. He states that he is not complaining about the quality of care that the defendants provide to him, but rather that the defendants refuse to treat his disabilities per the applicable standard of care. In other words, he states that he has been denied access to medical services that have been prescribed to him.

Specifically, Mr. Kelly alleges that Dr. Wilks has denied him medication under the guise that such drugs may be used illegally in prison and may be addictive. He also alleges that the defendants refuse to keep the appropriate amount of pill stock available and have refused to supply him with a prescribed wheelchair.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

**A.      Claims to Be Dismissed**

First, the statutory claims against the individual defendants are **dismissed** because employees of the IDOC are not amenable to suit under the Rehabilitation Act or the Americans with Disabilities Act ("ADA"). *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)).

Next, the ADA claims are **dismissed**. The relief provided by the ADA and Rehabilitation Act are coextensive and a plaintiff suing under both statutes may have only one recovery. *Jaros*, 684 F.3d at 671 (citing *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice*, 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained)). In addition, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id*. For these reasons the ADA claims (and their associated question of sovereign immunity) are summarily dismissed. *Id*.

Any claim under the Rehabilitation Act against Centurion is **dismissed**. Section 504 of the Rehabilitation Act provides:

> No qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving *Federal financial assistance* or under any program or activity conducted

3

by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a) (emphasis added). "Courts interpreting § 504 of the Rehabilitation Act have consistently construed 'Federal financial assistance' to mean the federal government's provision of a subsidy to an entity, not the federal government's compensation of an entity for services provided." *Lee v. Corr. Corp. of America/ Correctional Treatment Facility*, 61 F. Supp. 3d 139, 144 (D.D.C. 2014). Because there is no allegation that Centurion has received a federal subsidy, any claim against it under the RA is dismissed. *Id.*; *see also Nolley v. Cnty. of Erie*, 776 F. Supp. 715, 742−43 (E.D.N.Y. 1991); *Ndiaye v. United States*, 2021 WL 4441607, *4−5 (N.D. Oh. Sept. 28, 2021); *Matthews v. Penn. Dep't of Corr.*, 613 F. App'x 163, 169−70 (3rd Cir. 2015) (all holding that private correctional facilities may not be sued under the RA). This Court has held that private corporations that contract with IDOC to provide medical care are not "public entities" for purposes of the ADA. *McIntosh v. Corizon*, No. 2:14-cv-00099-JMS-MJD, 2018 WL 1456229, at *6 (S.D. Ind. Mar. 23, 2018). This holding is consistent with circuit courts that have addressed the issue. *See Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) ("[A] private corporation is not a public entity merely because it contracts with a public entity to provide some service."); *Phillips v. Tiona*, 508 F. App'x 737, 748 (10th Cir. 2013) (private prison is not a public entity under the ADA); *Maringo v. Warden*, 283 F. App'x 205 (5th Cir. 2008) (same); *see also Green v. New York*, 465 F.3d 65, 78−79 (2d. Cir 2005) (concluding that private hospital performing services pursuant to a contract with a municipality was not a public entity under the ADA).

Any Eighth Amendment claim against an individual defendant other than Dr. Wilks is **dismissed**. Mr. Kelly alleges that Dr. Wilks denied him medication, but he does not otherwise sufficiently allege that any individual defendant denied him medical care. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal

4

involvement in the alleged constitutional deprivation."). He has therefore failed to state a claim against any other individual defendant.

**B.     Claims to Proceed**

The claims which shall proceed are the following:

Mr. Kelly's claims under the Rehabilitation Act **shall proceed** against the IDOC. His claim that he received inadequate medical care **shall proceed** against Dr. Wilks under the Eighth Amendment. And his Eighth Amendment claim **shall proceed** against Centurion as a claim that Centurion maintained a policy, practice, or custom that resulted in the violation of his rights.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 1, 2022,** in which to identify those claims.

The **clerk is directed** to terminate Robert Carter, Kristen Daus, Jason Carter, Dianna Johnson, Liz Hale, Kelly Williams, Janna Thurston, and Shelly Jacobs as defendants on the docket.

### IV. Service of Process

The defendants have already appeared. They shall have **twenty-one** days to answer the complaint as screened.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 10/4/2022

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

5

Distribution:

RICHARD KELLY
860033
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362


All Electronically Registered Counsel