UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

RICHARD KELLY,                       )

    PLAINTIFF,                       )

V.                                   )        NO. 1:22 CV 1256 -TWP-MJD

ROBERT CARTER,                       )

KRISTEN DAUS, M.D.,                  )

INDIANA DEPARTMENT                   )

OF CORRECTION,                       )

KATE WILKS, M.D.,                    )

CENTURION HEALTH,                    )

JASON CARTER, M.D.,                  )

DIANNA JOHNSON, N.P.,                )

KELLY WILLIAMS, N.P.,                )

LIZ HALE, N.P.,                      )

JANNA THURSTON, R.N.,                )

SHELLEY JACOBS, M.A.,                )

    DEFENDANTS.                      )

**FILED**

**12/15/2022**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

COMPLAINT

PLAINTIFF :      RICHARD KELLY # 860033

       PO BOX A

       NEW CASTLE, IN 47362

(1)

DEFENDANTS :   ROBERT CARTER, COMM.   (R. CARTER )
                                      (~~MR CARTER~~ )

KRISTEN DAUS, M.D.,   ( DR DAUS     )

INDIANA DEPARTMENT   ( IDOC        )

OF CORRECTION,

IND. GOV. CNTR. S.

302 W. WASHINGTON ST.

INDIANAPOLIS, IN 46204


KATE WILKS, M.D.,   ( DR WILKS   )

CENTURION HEALTH,   ( CENTURION )

550 NORTH MERIDIAN ST.

INDIANAPOLIS, IN 46204


JASON CARTER, M.D.,   (J. CARTER )
                      ~~DR CARTER~~

DIANNA JOHNSON, N.P.,   ( MS JOHNSON )

KELLY WILLIAMS, N.P.,   ( MS WILLIAMS )

LIZ HALE, N.P.,   ( MS HALE )

LANNA THURSTON, R.N.,   ( MS THURSTON )

SHELLEY JACOBS, M.A.,   ( MS JACOBS )

NEW CASTLE CORR. FACILITY   ( NCCF )

1000 VAN NUYS RD.

NEW CASTLE, IN 47362

GRIEVANCE PROCEDURE

PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES AVAILABLE AGAINST DEFENDANTS EMPLOYED AT NCCF THROUGH THE FACILITY GRIEVANCE PROCEDURE, AS FOR THE OTHER DEFENDANTS : DR WILKS ; CENTURION ; MR CARTER ; DR DAUS ; IDOC ; THEY DO NOT WORK AT NCCF AND THERE IS NO GRIEVANCE PROCEDURE AVAILABLE TO FILE AGAINST THEM, AS SUCH PLAINTIFF HAS NO LEGAL OBLIGATION TO GRIEVE THEIR ACTIONS.

CLARIFICATION

IN THE AMENDED COMPLAINT PLAINTIFF MISPELLED DR. WILKS FIRST NAME, THE CORRECT SPELLING IS : DR. KATE WILKS, SO PLEASE EXCUSE MY MISTAKE IN THAT REGARD.

INTRODUCTORY STATEMENT

1.) ON 4·6·22, PLAINTIFF FILED AN ORIGINAL ACTION IN THIS MATTER ; IN RE :

                    MARION SUPERIOR COURT
                    RICHARD KELLY V. ROBERT CARTER
                    NO. 49D03 2204 MI 1011 222

(3)

2.) ON 5-27-22, PLAINTIFF AMENDED SAID COMPLAINT TO INCLUDE DEFENDANTS :

KRISTEN DAUS, M.D.,

INDIANA DEPARTMENT OF CORRECTION,

KATE WILKS, M.D.,

CENTURION HEALTH OF INDIANA,

JASON CARTER, M.D.,

DIANNA JOHNSON, N.P.,

KELLY WILLIAMS, N.P.,

LIZ HALE, N.P.,

JANNA THURSTON, R.N.,

SHELLEY JACOBS, M.A.

3.) ON 6-23-22, DEFENDANTS MOVED TO REMOVE SAID CAUSE FROM SAID STATE COURT TO THE PRESENT DISTRICT COURT.

JURISDICTIONAL STATEMENT

THIS CAUSE OF ACTION IS FILED BY PLAINTIFF ALLEGING VIOLATIONS OF HIS CIVIL RIGHTS UNDER : 29 U.S.C. 791 ET SEQ. ; 42 U.S.C. 1983 ; 42 U.S.C. 1997(E)(E) ; 42 U.S.C. 12181 (7)(F) ; 42 U.S.C. 12182(A) ; 42 U.S.C. 12132; 42 U.S.C. 1985.

PURSUANT TO 29 USC 791 ET SEQ., REHABILITATION ACT OF 1973 (R.A.) THE COURT HAS JURISDICTION OVER THIS CASE.

( 4 )

DEFENDANTS ACTED AT ALL TIME STATED HEREIN UNDER COLOR OF STATE LAW.

PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY.

CAUSE OF ACTION

1.) PURSUANT TO 42 USC 12182(A), PLAINTIFF CLAIMS DEFENDANTS HAVE IMPLEMENTED POLICIES & PROCEDURES THAT VIOLATE THE TITLE III AMERICANS WITH DISABILITY ACT (ADA) ; SPECIFICALLY:

A.) SAID DESIGNATION PERMITS CLAIMS AGAINST PRIVATE ENTITIES AND DEPARTMENTS, AND PROHIBITS DISCRIMINATION ON THE BASIS OF DISABILITY (IN) THE FULL & (EQUAL) ENJOYMENT OF THE GOODS, SERVICES, FACILITIES, PRIVILAGES, ADVANTAGES, OR ACCOMMODATIONS OF ANY PLACE OF PUBLIC ACCOMMODATION BY ANY PERSON WHO OWNS, LEASES (OR LEASES TO) OR OPERATES A PLACE OF PUBLIC ACCOMMONDATION.

2.) PURSUANT TO 42 USC 12181(7)(F), A PRIVATE ENTITY IS CONSIDERED TO OFFER PUBLIC ACCOMMODATION IF THE OPERATIONS OF SUCH ENTITIES AFFECT COMMERCE — PROFESSIONAL OFFICE OF A HEALTHCARE PROVIDER, HOSPITAL, OR OTHER SERVICE ESTABLISHMENT.

3.) DEFENDANTS RECEIVE FEDERAL FUNDS AS FINANCIAL PAYMENT FOR THEIR SERVICES.

4.) DEFENDANTS IMPLEMENT POLICIES & PROCEDURES THAT (1) REFUSE TO PROVIDE TREATMENT PURSUANT TO APPLICABLE STANDARD OF CARE ; AND (2) ARE WITHHOLDING PRESCRIBED HEALTHCARE FROM PLAINTIFF DUE TO HIS DISABILITY.

A.) BEGINNING IN 2010 & 2011, SEVEN NEUROLOGISTS AND FIVE NEUROSURGEONS HAVE ALL PRESCRIBED A DEGREE OF HEALTHCARE TO COMBAT PLAINTIFFS DEGREE OF PHYSICAL PAIN AND SUFFERING :

B.) THE BASIS OF SAID PRESCRIPTIONS IS THAT THERE IS LITERALLY NO OTHER HEALTHCARE TREATMENT AVAILABLE "EVEN AS AN ALTERNATIVE TREATMENT" TO COMBAT SAID SUFFERING :

C.) PRESCRIBED DRUG TREATMENT THAT INCLUDES : 400 MG TRAMADOL DAILY ; 3600 MG NEURONTIN DAILY ; 40 MG BACLOFIN TWICE DAILY ; THOSE THREE DRUGS TO BE TAKEN TOGETHER, WITH THE ADJUNCT OF : 5-10 MG HYDROCODONE EVERY FOUR HOURS IN ADDITION TO AFOREMENTIONED DRUG TREATMENT ; TO ULTIMATELY REPLACE : TRAMADOL AND BACLOFIN, WITH : OXYCODON AND VALUIM.

5.) PLAINTIFF SUFFERS FROM :

A.) NEUROLOGICAL DAMAGE FROM HEAD TO TOE THAT CAUSES EXCRUCIATING PHYSICAL PAIN DAILY, RESULTING IN DIAGNOSED

AND DOCUMENTED : CHRONIC PAIN SYNDROME ;

B.) DEGENERATIVE BONE & DISC DISEASE THROUGHOUT THE CERVICAL & LUMBAR SPINE ; BILATERAL HIPS, RESULTING IN : CHRONIC PAIN SYNDROME ;

C.) MUSCULAR DYSTROPHY, MOBILITY "AND MOTOR SKILLS" ISSUES ; RESULTING IN CHRONIC PAIN SYNDROME ;

D.) UNTREATED CHEST PAIN EPISODES : CPAP MACHINE.

6.) PLAINTIFF IS NOT COMPLAINING ABOUT THE QUALITY OF CARE THAT DEFENDANTS PROVIDE TO HIM, BUT RATHER THAT DEFENDANTS REFUSE TO TREAT HIS DISABILITIES PER THE APPLICABLE STANDARD OF CARE, WHICH IS ACTIONABLE UNDER TITLE III ADA ; REHABILITATION ACT (R.A.) ;

A.) AS A RESULT OF SAID PRACTICES, PLAINTIFF SUFFERS, THROUGH UNTREATED PHYSICAL PAIN DAILY.

7.) DEFENDANTS UTTERLY REFUSE TO TREAT PLAINTIFFS PHYSICAL PAIN SYMPTOMS AT ALL. NOTHING, NO TREATMENT WHAT SO EVER.

8.) DEFENDANTS HAVE IMPLIMENTED SAID PRACTICES AND HAVE : WILLFULLY, DELAYED, DENIED, DELIBERATELY & INDIFFERENTLY INTERFEARED WITH PLAINTIFFS PRESCRIBED HEALTHCARE FOR NON-

MEDICAL REASONS CONTRARY TO THE STANDARD OF CARE, SAID PRACTICE IS AN INTENTIONAL RECKLESS, DISREGARD FOR PLAINTIFFS HEALTHCARE, IT IS WANTON AND SERVES NO PENALOGICAL PURPOSE IN VIOLATION OF TITLE III ADA, AND 8TH AMEND. U.S.C.

9.) THE ADA DESCRIBES MAJOR LIFE ACTIVITIES AS:

A.) IN GENERAL:
FOR PURPOSES OF THIS PARAGRAPH, MAJOR LIFE ACTIVITIES INCLUDE, BUT ARE NOT LIMITED TO, CARING FOR ONESELF, PERFORMING MANUAL TASKS, SEEING, HEARING, EATING, SLEEPING, WALKING, STANDING, LIFTING, BENDING, SPEAKING, BREATHING, LEARNING, READING, CONCENTRATING, THINKING, COMMUNICATING, AND WALKING.

B.) MAJOR BODILY FUNCTIONS:
FOR PURPOSES OF THIS PARAGRAPH, A MAJOR LIFE ACTIVITY ALSO INCLUDES THE OPERATION OF MAJOR BODILY FUNCTIONS, INCLUDING BUT NOT LIMITED TO, FUNCTIONS OF THE IMUNE SYSTEM, NORMAL CELL GROWTH, DIGESTIVE, BOWEL, BLADDER, NEUROLOGICAL, BRAIN, RESPITORY, CIRCULATORY, ENDORCINE, AND PRODUCTIVE FUNCTIONS.

C.) ALL OF THE AILMENTS OUTLINED HEREIN THAT PLAINTIFF SUFFERS FROM MEET THE LEGAL CRITERIA TO BE LABELED A DISABILITY.

10.) THE MEDICAL PROCEDURE CONFRONTED IN THIS COMPLAINT IS THE PROCESS THAT FACILITY HEALTHCARE PROVIDERS ADHERE TO:

A.) FACILITY HEALTHCARE PROVIDERS HAVE A LIST OF DRUGS ON THEIR FORMULARY THAT THEY USE FOR TREATMENT, NONE OF WHICH ARE DESIGNED TO COMBAT SEVERE PAIN SYMPTOMS, AND NONE OF WHICH ARE DESIGNED TO COMBAT PAIN FOR TWELVE HOURS PER DOSE.

B.) FOR PATIENTS "PLAINTIFF" THAT SUFFER CHRONIC PAIN SAID HEALTHCARE PROVIDERS WILL TRY ALL OF THE DRUGS LISTED FOR TREATING PAIN FOR MONTHS OR YEARS, UNTIL THEY FEEL THEY HAVE EXHAUSTED SAID OPTIONS, OFTEN BOUNCING THE PATIENT "PLAINTIFF" BACK & FORTH "ON & OFF" OF THE SAME DRUGS REPEATEDLY.

C.) ONCE HEALTHCARE PROVIDERS ARE CONVINCED THAT SAID DRUGS ARE NOT EFFECTIVE THEY SUBMIT A 'FER' REQUEST FOR PERMISSION TO PRESCRIBE NON-FORMULARY DRUGS.

D.) PLAINTIFF BEGAN SUFFERING FROM CHRONIC PAIN IN 2004, AT WHICH TIME FACILITY HEALTHCARE PROVIDERS BEGAN EMPLOYING SAID PROCEDURE OF TREATING HIM WITH ONLY FORMULARY DRUGS AND AFTER SWITCHING HIM BACK AND FORTH ON THOSE SAME DRUGS FOR THREE YEARS, HE WAS FINALLY

SENT TO A NEUROLOGIST WHO PRESCRIBED NON-FORMULARY DRUGS TO COMBAT SAID SUFFERING ;

E.) IN 2009 THE NEUROLOGIST PRESCRIBED : TRAMADOL, NEURONTIN, BACLOFIN, WITH HYDROCODONE EVERY SIX HOURS FOR TWO REASONS :

1.) DUE TO THE THEN SEVERITY AND ADVANCED STAGE OF SAID AILMENTS ;

2.) PLAINTIFF HAD UP UNTIL THAT TIME SUFFERED THROUGH ESSENTIALLY UNTREATED PAIN "THE FORMULARY DRUGS DID NOT COMBAT SAID PAIN" FOR FIVE STRAIGHT YEARS.

F.) IN 2011 THE NEUROLOGIST PRESCRIBED : 400 mg TRAMADOL DAILY, 3200 mg NEURONTIN DAILY, 40 mg BACLOFIN DAILY. LATER THAT YEAR NEUROSURGENS PRESCRIBED REPLACING TRAMADOL & BACLOFIN WITH OXYCODONE & VALUIM, "PLAINTIFF NEVER RECEIVED OXYCODONE OR VALUIM" ALL OF WHICH ARE PRESCRIBED FOR LONG-TERM DAILY USE FOR SAID CHRONIC PAIN SYNDROME.

11.) EQUAL PROTECTION OF THE LAW: CLASS OF ONE
J. CARTER
DAUS, WILKS, WILLIAMS,

4.) DAUS IS MEDICAL DIRECTOR FOR I.D.O.C., SHE IS TASKED WITH



ENSURING THAT ALL OFFENDERS (PLAINTIFF) ARE PROVIDED APPROPRIATE HEALTHCARE ; MONITOR ALL COMPLAINTS LODGED AGAINST IDOC é CENTURION REGARDING HEALTHCARE ; LIAIS WITH CENTURION REGARDING DRUG PROTICAL FOR CHRONIC CARE AND CRITICALLY ILL OFFENDERS ;

B.) DAUS HAS PERSONALLY APPROVED HEALTHCARE PRACTICE OF TREATING OFFENDERS THAT ARE DIAGNOSED WITH ° CANCER, THAT SUFFER FROM CHRONIC PAIN SYNDROME, TO BE TREATED WITH NARCOTICS FOR THE DURATION OF THEIR SUFFERING ;

C.) DAUS HAS PERSONALLY APPROVED THE PRACTICE OF NOT TREATING NON-CANCER PATIENTS THAT ARE DIAGNOSED WITH CHRONIC PAIN SYNDROME WITH NARCOTICS ;

D.) OFFENDERS (PLAINTIFF) DIAGNOSED WITH OR WITHOUT CANCER ARE MEMBERS OF IDOC, ALL OF WHOM ARE SIMILARLY SITUATED EXCEPT IN ONE RESPECT ° DIAGNOSIS OF AILMENT (NOT THE DIAGNOSIS OF CHRONIC PAIN SYNDROME) ° CHRONIC PAIN SYNDROME CAUSES CONSTANT, DAILY ° SEVERE, UNBEARABLE, EXCRUCIATING PAIN ; THAT IS WHAT PLAINTIFF IS DIAGNOSED WITH ;

E.) PLAINTIFF IS DIAGNOSED WITH ° MUSCULAR DYSTROPHY, SEVERE CERVICAL é LUMBAR STENOSIS, DEGENERATIVE BONE é DISC DISEASE, IDIOPATHIC DISTAL SENSORI MOTOR NEUROPATHY — ALL LIMBS ° THAT ALONE AND IN COMBINATION CAUSE PLAINTIFF TO

EXPERIENCE UNBEARABLE SUFFERING DAILY ?

F.) DUE TO THE AGGRESSIVE & PROGRESSIVE NATURE OF SAID AILMENTS PLAINTIFF WAS TREATED BY NEUROLOGISTS AND NEUROSURGENS THROUGHOUT 2007, 2009, 2010, 2011, 2012, 2014, 2015, 2018, ALL OF WHOM PRESCRIBED THE DEGREE OF CARE THAT PLAINTIFF REQUIRES, "BASED ON OBJECTIVE EVIDENCE " TO COMBAT SAID SUFFERING AS THERE IS NO KNOWN CURE OR CAUSE FOR SAID AILMENTS AND SAID PRESCRIPTIONS ARE LITERALLY THE ONLY KNOWN TREATMENT TO COMBAT SAID SUFFERING ?

12.) WILKS, J. CARTER, WILLIAMS,

A.) WILKS IS HEALTHCARE SERVICES DIRECTOR OF CENTURION AND SHE IS TASKED WITH : APPROVING OR DENYING FER REQUESTS FOR PRESCRIPTIONS OF ALL NON-FORMULARY DRUGS ; APPOINTMENTS FOR SPECIALIST CARE ?

B.) IN JAN. 2022, WILKS STOPPED/DISCONTINUED PLAINTIFFS PRESCRIPTION OF TRAMADOL, AND DENIED SUBSEQUENT REQUESTS "FER'S " FOR SAME ?

C.) WILKS HAS FORMALLY INSTITUTED THE GENERAL POLICY OF REFUSING TO TREAT ALL NON-CANCER PATIENTS WITH NARCOTIC DRUGS ?

(12)

D.) IN JAN. 2022, WILKS PERSONALLY INFORMED PLAINTIFF THAT WILKS PERSONALLY CONTACTED SPECIALISTS "NEUROLOGISTS" WHO HAD PRESCRIBED NARCOTIC DRUG TREATMENT FOR OFFENDERS, IN ORDER TO HAVE SAID SCRIPTS ALTERED BACK TO NON-NARCOTIC PRESCRIPTIONS THAT ARE ALREADY PROVEN TO PROVIDE NO RELIEF FROM THEIR SUFFERING "WHICH IS, WHY THEY WERE SENT TO THE SPECIALIST TO BEGIN WITH"?

2.) WILKS, HAS PERSONALLY WENT OUT OF HER WAY TO EMPLOY A VICIOUS CYCLE OF REFUSING TO TREAT/APPROVE THE ONLY KNOWN TREATMENT TO COMBAT PLAINTIFFS DAILY SUFFERING.

13.) J. CARTER IS MEDICAL DOCTOR/DIRECTOR AT NCCF; WILLIAMS IS NURSE PRACTITIONER AT NCCF; BOTH HAVE REPEATEDLY THROUGHOUT 2022 ON NUMEROUS OCCASIONS REFUSED TO TREAT PLAINTIFFS PAIN PER SAID SPECIALISTS PRESCRIPTIONS; J. CARTER REFUSES TO EVEN SEE PLAINTIFF FOR SICK-CALL APPOINTMENTS;

14.) WILKS APPROVES FER REQUESTS FROM CORRECTIONAL FACILITIES ALL OVER/AROUND INDIANA, FOR PRESCRIPTION NARCOTICS FOR CANCER PATIENTS.

15.) J. CARTER, WILLIAMS, PRESCRIBE NARCOTIC DRUGS FOR

CANCER PATIENTS, AT NCCF ; V. CARTER WILLIAMS REFUSE TO EVEN PLACE A FER REQUEST FOR PRESCRIPTION NARCOTIC DRUGS ° BOTH REPEATEDLY STATED THAT WILKS WILL NOT APPROVE ANY SUCH FER REQUESTS.

16.) WILKS, V. CARTER, WILLIAMS, PRESCRIBE TREATMENT TO COMBAT THE PAIN AND SUFFERING OF SAID CANCER PATIENTS HOUSED AT NCCF AND THROUGHOUT IDOC ;

A.) PLAINTIFF IS A MEMBER OF THE CLASS, OF OFFENDERS, INCARCERATED BY IDOC ;

B.) SAID HEALTH CARE PROVIDERS (PROVIDERS) REFUSE TO TREAT PLAINTIFFS DEGREE OF PAIN AND SUFFERING ;

17.) PLAINTIFF IS A CLASS, OF ONE, THE ACTIONS OF DAVIS, WILKS, V. CARTER, WILLIAMS, ARE IMPLIMENTED WITH MALICE, ARE WILLFUL AND INTENTIONAL, FORCE PLAINTIFF AND SERVE NO PENALOGICAL PURPOSE, SAID HEALTHCARE IS A RECKLESS, DISREGARD FOR PLAINTIFFS PAIN AND SUFFERING, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE XIV AMEND. OF U.S. CONST. °

INTERFERENCE WITH PRESCRIBED HEALTH CARE

JACOBS

18.) IN NOV. 2021, PHYSICAL THERAPIST AT NCCF PRESCRIBED WHEELCHAIR

14

TO PLAINTIFF AS A RESULT OF : DECREASED MOTOR-SKILL FUNCTION, MOBILITY, REPEATED FALLS, NERVE DAMAGE ?

A.) EARLY 2022, DIANNA JOHNSON PRESCRIBED PERSONAL WHEELCHAIR ?

B.) MID 2022, V. CARTER PRESCRIBED PERSONAL WHEELCHAIR ?

C.) LATE 2022, J. CARTER PRESCRIBED PRESCRIBED PERSONAL WHEELCHAIR ?

19.) JACOBS IS EMPLOYED BY CENTURION AS A MEDICAL ASSISTANT ASSIGNED AS MEDICAL SUPPLY / EQUIPTMENT CLERK AT NCCF, TASKED WITH DELIVERY OF PRESCRIBED MEDICAL SUPPLIES ?

A.) JACOBS HAS PERSONALLY INTERFEERED WITH SAID PRESCRIPTIONS FOR PERSONAL WHEELCHAIR BY REFUSING TO PROVIDE SAME TO PLAINTIFF ?

B.) PLAINTIFF SAT OUTSIDE OF JACOBS LARGE CLOSET AND JACOBS STATED :

QUOTE:

"... FUCK KELLY, HE'LL BE LUCKY
IF HE EVER GETS A WHEELCHAIR."

STOP QUOTE.

(15)

20.) JACOBS HAS NO FORMAL MEDICAL TRAINING, HAS NO AUTHORITY TO APPROVE OR DENY PRESCRIBED HEALTH CARE EQUIPMENT ?

A.) TO DATE JACOBS HAS REFUSED TO PROVIDE SAID PRESCRIBED PERSONAL WHEELCHAIR TO PLAINTIFF, RESULTING IN PLAINTIFF FALLING REPEATEDLY, AND FORCING PLAINTIFF TO SUFFER THROUGH CONTINUOUS PAIN AND MUSCLE SPASMS WHILE HAVING TO STRUGGLE TO WALK ?

21.) JACOBS HAS FOR NEARLY AN ENTIRE YEAR INTERFERED WITH PLAINTIFF'S PRESCRIBED HEALTH CARE, SAID PRACTICE IS IMPLIMENTED WITH MALICE, IS WILLFULL AND INTENTIONAL, AND FORCES PLAINTIFF TO SUFFER, SAID PRACTICE SERVES NO PENALOGICAL PURPOSE, IS A RECKLESS DISREGARD FOR PLAINTIFF'S PAIN AND SUFFERING AND AMOUNTS TO DELIBERATE INDIFFERENCE IN VIOLATION OF THE VIII AMEND. U.S. CONST.

INTERFERENCE WITH PRESCRIBED HEALTHCARE
MONELL LIABILITY CLAIM
CENTURION

22.) MID 2022, PLAINTIFF WAS SENT TO EYE SPECIALIST WHO PRESCRIBED CATARACT SURGERY ON RIGHT EYE FIRST AND THEN PLANNED TO FOLLOW-UP FOR TREATMENT OF LEFT EYE ?

A.) PLAINTIFF HAS FOR YEARS EXPERIENCED "SEVERE PHOTOPHOBIA IN BOTH EYES, BRIGHT LIGHT "DAY OR NIGHT" CAUSES PAIN AND

(16)

DISCOMFORT, DIZZINESS, ACUTE PAIN, CONSTANT GLARE, THE FEELING OF GRIT IN RIGHT EYE, FLOATERS IN BOTH EYES?

B.) PLAINTIFF IS NEARLY BLIND IN RIGHT EYE DUE TO SAID CATARACT, DENNIS LEWTON NCCF EYE DOCTOR IS UNABLE TO EXAMINE ANYTHING BEHIND THE CATARACT IN ORDER TO TREAT SAID PAIN AND SUFFERING INCLUDING ORDERING ADDITIONAL SPECIALIST CARE UNTIL SUCH TIME THAT THE CATARACT IS REMOVED?

C.) PLAINTIFF HAS CONSTANT DOUBLE — TRIPLE VISION IN THE LEFT EYE, PLAINTIFF NEVER HAS A "CLEAR VIEW OF HIS VISUAL FIELD OF VIEW," NOT EVER! PLAINTIFF OFTEN RUNS INTO OBJECTS CAUSING SECONDARY INJURIES AND PAIN?

D.) CATARACTS ARE A KNOWN CAUSE OF: GLAUCOMA? GLAUCOMA IS A CHRONIC CONDITION AND IS A GROUP OF DISEASES THAT CAUSES BLINDNESS BY DAMAGING NERVES IN THE EYE?

E.) FLOATERS CAN SIGNAL A DETACHMENT, TEAR, OR OTHER PROBLEMS INVOLVING THE RETINA?

23.) CENTURION MAINTAINS A POLICY OF REFUSING CATARACT SURGERY TO APPROXIMATELY 23,000 ADULT OFFENDERS INCARCERATED IN INDIANA UNTIL SUCH TIME AS THE PATIENT "PLAINTIFF" EXHIBITS ADDITIONAL CHRONIC /PERMANENT EYE DAMAGE, BASED ON CENTURIONS: ONE GOOD EYE POLICY?

A.) SAID CENTURION PRACTICE / CUSTOM IS A RECKLESS, DISREGARD FOR PLAINTIFFS FUTURE HEALTHCARE THAT MAY RESULT IN PERMANENT BLINDNESS ?

B.) PLAINTIFF SUFFERS DAILY PHYSICAL, PAIN AS A RESULT OF SAID ONE GOOD EYE POLICY, AND BECAUSE THE EYE SPECIALIST WILL ONLY TREAT PLAINTIFFS LEFT EYE AFTER THE RIGHT EYE IS ADDRESSED ? SAID ONE GOOD POLICY IS PRESENTLY PROLONGING ADDITIONAL EYE TREATMENT WHICH ALSO MAY BE, OR BECOME PERMANENT DAMAGE IN THE LEFT EYE, CAUSING PERMANENT BLINDNESS.

24.) CENTURION IS A PRIVATE CORPORATION CONTRACTED TO PROVIDE ALL HEALTH CARE TREATMENT TO PLAINTIFF ? CENTURION THROUGH ITS EMPLOYEES MAINTAINS THE PRACTICE / CUSTOM OF DENYING SPECIALIST PRESCRIBED HEALTH CARE FOR TREATMENT OF THE EYES, TO THE ENTIRE INDIANA PRISON POPULATION BASED ON A ONE GOOD EYE POLICY — IMPLIMENTED BY CENTURION ? SAID PRACTICE IS IMPLIMENTED WITH MALICE, IS WILFULL AND INTENTIONAL AND FORCES PLAINTIFF TO SUFFER, SAID PRACTICE SERVES, NO PENALOGICAL PURPOSE, ▅▅▅ IS A ▅▅▅ RECKLESS, DISREGARD FOR PLAINTIFFS, PAIN AND SUFFERING AND AMOUNTS TO DELIBERATE INDIFFERENCE IN VIOLATION OF THE VIII AMEND. U.S. CONST.

25.) THROUGHOUT 2022, AS MANY AS ▅ FIVE TO SEVEN TIMES PLAINTIFFS PRESCRIPTION FOR THE DRUG : BACLOFEN 20 MG, HAS RUN OUT OF STOCK AT THE NCCF MED-CAGE ;

(18)

A.) PLAINTIFF IS PRESCRIBED BACLOFIN "A MUSCLE RELAXER" THREE TIMES A DAY DUE TO THE HORRIBLY ~~PAINFUL~~ AND CONTINUOUS MUSCLE SPASMS THAT PLAINTIFF HAS THROUGHOUT HIS ENTIRE BODY;

B.) AT NCCF THERE IS AN AREA REFERED TO AS THE "MED-CAGE, WHICH IS A LARGE CAGE WHERE VARIOUS DRUGS ARE DISPENSED BY TWO NURSES THREE TIMES A DAY TO THE OFFENDER POPULATION;

C.) THE MED-CAGE IS ONLY STOCKED WITH PRESCRIPTION DRUGS THAT THE NURSES PHYSICALLY CARRY TO THE MED-CAGE;

D.) THE NURSES ONLY HAVE THE STOCK OF DRUGS FOR THE MED-CAGE WHEN THE OTHER NURSES THAT RUN THE FACILITY PHARMACY PROVIDE THE PROPER AMOUNT OF STOCK PER MONTH, PER PRESCRIPTION REQUIREMENTS;

E.) EACH DAY, SEVEN DAYS A WEEK APPROXIMATELY 20 TO 95 OFFENDERS FROM EACH INDIVIDUAL DORM "HOUSING UNIT" AT NCCF GO TO THE MED-CAGE TO OBTAIN ALL MANNER OF PRESCRIPTION DRUGS, AND EACH WEEK NUMEROUS OFFENDERS COMPLAIN TO SAID NURSING STAFF AS A RESULT OF THOSE NURSES STATING THAT THE STOCK OF DRUGS IN THE MED-CAGE HAS RUN OUT,

SIDE NOTE: TONIGHT, JUST NOW AS I WAS WRITING THIS DOCUMENT I WAS CALLED OUT FOR EVENING MED-LINE

TO THE MED-CAGE, AND NURSE NIKKI DAVIS INFORMED ME THAT MY STOCK OF BACLOFIN HAS RUN OUT AND I MAY GO AS LONG AS A WEEK "AGAIN" WITHOUT MY PRESCRIPTION MEDICATION BECAUSE OF THEIR REFUSAL TO KEEP THE MED-CAGE PROPERLY STOCKED ...

THIS IS A COMMON WEEKLY CUSTOM AND PRACTICE OF CENTURION THAT AFFECTS DOZENS OF OFFENDERS AT NCCF.

26.) PLAINTIFF SUFFERS FROM MUSCULAR DYSTROPHY THAT CAUSES EXCRUCIATING MUSCLE SPASMS AND FATIQUE, THE PAIN IS UNBEARABLE, THE DRUG BACLOFIN IS THE ONLY HEALTH CARE TREATMENT PRESCRIBED TO PLAINTIFF TO COMBAT SAID AILMENT, WITHOUT BACLOFIN PLAINTIFF RECEIVES NOTHING AS HEALTH CARE TREATMENT ;

A.) DURING ALL OF THE TIMES THAT PLAINTIFFS STOCK OF BACLOFIN HAS RUN OUT IN THE MED-CAGE PLAINTIFF IS FORCED TO SUFFER THROUGH EXCRUCIATING PAIN WHICH IS A COMMON OCCURENCE FOR PLAINTIFF AND DOZENS OF OFFENDERS AT NCCF ;

B.) THE HEALTH CARE PROVIDERS AT NCCF WRITE PRESCRIPTIONS FOR 90 OR 180 DAYS PER SCRIPT, PLAINTIFF (IS NOT) HEREIN COMPLAINING THAT THE

PRESCRIPTIONS ARE EXPIRING AND THEN THAT IS THE REASON THAT MED-CAGE STOCKS ARE EXPIRING ?

C.) THIS IS THE ISSUE OF THE COMMON CUSTOM/PRACTICE OF CENTURION NOT PROVIDING THE PROPER STOCK OF PRESCRIPTION DRUGS IN THE MED-CAGE FOR THE ENTIRE OFFENDER POPULATION AT NCCF ON A MONTHLY BASIS ?

27.) CENTURION IS A PRIVATE CORPORATION CONTRACTED TO PROVIDE ALL HEALTH CARE TREATMENT TO PLAINTIFF ? CENTURION THROUGH ITS EMPLOYEES MAINTAINS THE PRACTICE/CUSTOM OF BLOCKING/REFUSING DRUG CARE TO THE OFFENDER POPULATION "PLAINTIFF" AT NCCF ON A MONTHLY BASIS ? SAID PRACTICE IS IMPLIMENTED WITH MALICE, IS WILFULL AND INTENTIONAL THAT FORCES PLAINTIFF TO SUFFER, SAID PRACTICE SERVES NO PENALOGICAL PURPOSE, IS A RECKLESS, DISREGARD FOR PLAINTIFFS PAIN AND SUFFERING AND AMOUNTS TO DELIBERATE INDIFFERENCE IN VIOLATION OF THE $\underline{VIII}$ AMEND. U.S. CONST. o

29 USCS 794, R.A.
INDIANA DEPARTMENT OF CORRECTION

28.) PLAINTIFF SUFFERS FROM DOCUMENTED AND DIAGNOSED AILMENTS THAT CAUSE DEBILITATING PHYSICAL PAIN EVERY SINGLE DAY OF HIS LIFE, SAID AILMENTS ARE o CHRONIC, PERMANENT, PROGRESSIVE | PLAINTIFF WILL NEVER RECOVER FROM SAME ?

A.) PLAINTIFF BEGAN TO SUFFER SEVERE NERVE DAMAGE AND PAIN IN 2004, BY 2014, PLAINTIFF'S PHYSICAL CONDITION HAD PROGRESSED TO SUCH A DEGREE," AND REPEATED OBJECTIVE EVIDENCE "MRI's & EMG's" CONDUCTED BY NUMEROUS NEUROLOGISTS INDICATED THAT PLAINTIFF REQUIRED" THAT THE ONLY KNOWN TREATMENT THAT NEUROLOGISTS AND NEUROSURGENS CAN PRESCRIBE ARE THE PRESCRIPTION DRUGS TO TREAT PLAINTIFFS SYMPTOMS ;

B.) THERE ARE NO OTHER KNOWN HEALTH CARE TREATMENTS AVAILABLE UNDER ANY CIRCUMSTANCE WHETHER PLAINTIFF IS INCARCERATED OR NOT, THAT CAN BE PRESCRIBED TO COMBAT PLAINTIFFS PAIN AND SUFFERING ;

C.) DR. MIKE MITCHEFF WAS MEDICAL DIRECTOR FOR I D O C IN 2015, HE WAS NOT EMPLOYED BY : CORIZON, WEXFORD, OR CENTURION. AT THAT TIME, AND AS MEDICAL DIRECTOR DR. MITCHEFF AGREED WITH AND APPROVED THE PRESCRIPTION OF : METHADONE 80 MG DAILY ; NEURONTIN 3600 MG DAILY ; BACLOFEN 40 MG DAILY, AT THAT TIME PLAINTIFF WAS THE ONLY OFFENDER HOUSED AT THE INDIANA STATE REFORMATORY THAT IDOC APPROVED TO RECEIVE THE DRUG METHADONE ;

29.) IDOC IS RESPONSIBLE TO PROVIDE APPROPRIATE HEALTH CARE TO PLAINTIFF ;

A.) IDOC IS FULLY COGNIZANT OF THE DEGREE OF SAID AILMENTS THAT PLAINTIFF SUFFERS FROM AND THE KNOWN DEGREE OF PAIN AND SUFFERING CAUSED BY SAME.

29.) IDOC REFUSES TO TREAT PLAINTIFFS PAIN AND SUFFERING THAT IS CAUSED BY THE DOCUMENTED AND DIAGNOSED DISABILITIES THAT PLAINTIFF SUFFERS FROM; IDOC REFUSES TO PROVIDE THE HEALTH CARE TREATMENT THAT IS PRESCRIBED TO PLAINTIFF; SAID PRACTICE IS IMPLIMENTED WITH MALICE, IS WILLFULL AND INTENTIONAL AND FORCES PLAINTIFF TO SUFFER, SAID PRACTICE SERVES NO PENALOGICAL PURPOSE, IS A RECKLESS DISREGARD FOR PLAINTIFFS PAIN AND SUFFERING, AND IS IN VIOLATION OF THE REHABILITATION ACT.

· INTERFERENCE WITH HEALTH CARE
   IDOC DAUS WILKS J. CARTER.

30.) IN 2014, NEUROLOGIST PRESCRIBED THE DRUG: NEURONTIN 3600 MG DAILY;

A.) IN 2017, PLAINTIFF WAS HOUSED AT ANNEX, LOCATED AT NEW CASTLE CORRECTIONAL FACILITY, DURING WHICH TIME PLAINTIFF BECAME AWARE THAT NURSE MELANIE JOHNSON WHO WAS EMPLOYED THERE AT THAT TIME, WAS STEALING THE PRESCRIPTION NARCOTIC'S THAT ALL OFFENDERS RECEIVED DAILY AT ANNEX,

23

B.) PLAINTIFF WAS HOUSED AT ANNEX FROM DEC. 2016 THRU DEC. 2017, AND WAS TRANSFERED TO NCCF ;

C.) SHORTLY THEREAFTER PLAINTIFF WAS TRANSFERED TO NCCF AND SO WAS NURSE MELANIE JOHNSON, MS. JOHNSON CONTINUED TO STEAL PRESCRIPTION NARCOTIC'S FROM THE OFFENDER POPULATION AT THAT TIME ;

D.) AS A RESULT OF SAID THEFT PLAINTIFF LODGED NUMEROUS FORMAL COMPLAINTS AGAINST MS JOHNSON, WITH THE FACILITY NCCF SUPERINTENDENT, ASSISTANT SUPERINTENDENTS, INDIANA OMBUDSMAN, IDOC COMMISSIONERS OFFICE, DIRECTOR OF INTERNAL AFFAIRS AT NCCF ; "REPEATEDLY"

E.) AS A RESULT OF SAID COMPLAINTS THE DIRECTOR OF INTERNAL AFFAIRS AT IDOC MAIN OFFICE SENT THE IDOC REGIONAL INVESTIGATOR TO NCCF AND TOGETHER WITH THE DIRECTOR OF INTERNAL AFFAIRS AT NCCF, CONDUCTED A VIDEO-TAPED INTERVIEW WITH PLAINTIFF AND INITIATED A FORMAL INVESTIGATION INTO SAID CLAIMS AGAINST MS JOHNSON ;

F.) ULTIMATELY, AS A RESULT OF THE AFOREMENTIONED, MS. JOHNSON WAS FORMALLY AND PERMANENTLY REMOVED FROM THE "NARC-CART" MEANING SHE NO

LONGER HAD DIRECT OR IN-DIRECT ACCESS TO PRESCRIPTION NARCOTICS, DURING SAID INVESTIGATION MS JOHNSON WAS WELL INFORMED THAT PLAINTIFF WAS THE AUTHOR OF THE COMPLAINTS AGAINST HER ?

Q.) PLAINTIFF WAS THE REASON THAT A SEASONED DRUG ADDICT WAS REMOVED/SEPARATED FROM HER DAILY SUPPLY OF FREE NARCOTICS, "SHE WAS NOT A HAPPY CAMPER,"

31.) FROM 2004, THRU DEC. 2018, PLAINTIFF WAS PRESCRIBED ALL MANNER OF NARCOTIC DRUGS TO COMBAT HIS PAIN SYMPTOMS AND THROUGHOUT THESE YEARS THE TREATING HEALTH CARE PROVIDERS ORDERED AND PERFORMED BLOOD-DRAWS OF PLAINTIFF "AND ALL OFFENDERS" SEVERAL TIMES YEARLY IN ORDER TO CHECK FOR THE APPROPRIATE DRUG LEVELS IN HIS BODY, PLAINTIFF NEVER TESTED IN A NEGATIVE FASHION, PLAINTIFF HAS ALWAYS TAKEN HIS PRESCRIPTION MED'S AS PRESCRIBED ;

A.) IN DEC. 2018, THE NCCF PROVIDER ORDERED BLOOD-WORK FOR ALL OFFENDERS AT NCCF THAT WERE PRESCRIBED NEURONTIN, ON THE DATE THAT PLAINTIFF WAS TESTED MS JOHNSON PERSONALLY PERFORMED SAID TEST OF PLAINTIFF AND TWO OTHER OFFENDERS, MS JOHNSON WAS NOT THE LAB-TECH AT THAT TIME, SHE SIMPLY MADE SURE THAT SHE PERSONALLY PERFORMED SAID

24   25

TEST, AT THAT TIME PLAINTIFF HAD BEEN TAKING ALL OF HIS MEDS "AS PRESCRIBED" THERE WAS NO PHYSICAL REASON FOR PLAINTIFF'S BLOOD WORK TO INDICATE A LOW LEVEL OF NEURONTIN IN HIS BLOOD IN RELATION TO THE DOSE OF NEURONTIN THAT HE RECEIVED DAILY ;

B.) THREE DAYS LATER THE BLOOD WORK RESULT INDICATED A LOW LEVEL OF NEURONTIN IN PLAINTIFFS BODY ;

C.) PLAINTIFF LODGED SUBSEQUENT COMPLAINTS AGAINST MS JOHNSON FOR SAID BLOOD TEST BLAMING HER FOR INTENTIONALLY ALTERING SAID SAMPLE IN RETALIATION FOR HAVING HER REMOVED FROM THE NARC - CART ?

D.) ULTIMATELY MS JOHNSONS EMPLOYMENT WAS TERMINATED AT NCCF ;

E.) FROM 2018 THROUGH JAN. 2022, PLAINTIFF CONTINUED TO RECEIVE THE NARCOTIC DRUG : TRAMADOL, FOR PAIN ; "DAILY"

32.) IDOC DAVIS WILKS J. CARTER HAVE AMPLE EVIDENCE AND REASON TO PRESCRIBE THE DRUG NEURONTIN BUT REFUSE TO DO SO, AS A RESULT OF MS JOHNSONS ACTIONS IN THIS MATTER ;

 24

A.) RECENTLY CENTURION HIRED MS JOHNSON AND SHE IS AGAIN WORKING WITH PRESCRIPTION NARCOTIC'S AND IN THE NCCF PHARMACY THERE ARE VIALS THAT ARE SUPPOSE TO BE LIQUID ADIVAN, VALIUM, ETC. BUT THE DRUGS HAVE BEEN REMOVED AND REPLACED WITH SALINE SOLUTION ; "DRUG ADDICTS ARE EMPLOYED HERE "

33.) IDOC DR'S WILKS, V. CARTER REFUSE TO PRESCRIBE THE DRUGS THAT THE NUMEROUS NEUROLOGISTS AND NEUROSURGENS "SPECIALISTS" PRESCRIBED ; SAID PRACTICE IS IMPLIMENTED WITH MALICE, IS WILLFULL AND INTENTIONAL AND FORCES PLAINTIFF TO SUFFER, SAID PRACTICE SERVES NO PENALOGICAL PURPOSE, IS A RECKLESS DISREGARD FOR PLAINTIFFS PAIN AND SUFFERING, AND AMOUNTS TO DELIBERATE INDIFFERENCE IN VIOLATION OF $\underline{VIII}$ AMEND. U.S. CONST.

RELIEF :
① EQUITABLE RELIEF
② DAMAGES

Richard Kelly
12·9·22

㉖ 27

OATH OF AFFIRMATION

I AFFIRM UNDER PENALTY OF PERJURY FOREGOING
IS TRUE AND CORRECT.

Richard Kelly

12·9·22

CERTIFICATE OF SERVICE

I CERTIFY A TRUE COPY OF FOREGOING SERVED
UPON PARTIES BELOW BY U.S. POSTAL SERVICE, FIRST-
CLASS POSTAGE 12·9·22.

CHRISTOPHER FARRINGTON ATT.
8470 ALLISON POINTE BLVD   420
INDIANAPOLIS, IN   46250

E. RYAN SHOUSE, ATT.
8777 PURDUE RD   104
INDIANAPOLIS IN 46268

Richard Kelly
RICHARD KELLY 860033
P.O. BOX A
NEW CASTLE, IN 47362

28